Criminal Case Template











 


COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




BRYACE T. JONES,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§



§


§


§


§

No. 08-03-00037-CR


Appeal from the


70th District Court


of Ector, Texas


(TC# A-14,619)



M E M O R A N D U M O P I N I O N



 This is an attempted appeal from an order denying Appellant's motion for testing of
DNA evidence. The issue before us is whether Appellant timely filed his notice of appeal. 
We conclude that he did not and dismiss the attempted appeal for want of jurisdiction.

 The record reflects that the trial court signed the order denying Appellant's motion for
DNA testing on October 21, 2002. This Court received Appellant's request to extend the
time for the filing of a notice of appeal on December 23, 2002. 

 A timely notice of appeal is necessary to invoke this Court's jurisdiction. Olivo v.
State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Tex. R. App. P. 26.2(a) prescribes the
time period in which notice of appeal must be filed by the defendant in order to perfect
appeal in a criminal case:

 (a) By the Defendant. The notice of appeal must be filed:


 (1) within 30 days after the day sentence is imposed or suspended in
open court, or after the day the trial court enters an appealable order; or


 (2) within 90 days after the day sentence is imposed or suspended in
open court if the defendant timely files a motion for new trial.


Therefore, a defendant's notice of appeal is timely if filed within thirty days after the day
sentence is imposed or suspended in open court or after the day the trial court enters an
appealable order or within ninety days after sentencing if the defendant timely files a motion
for new trial. See Tex. R. App. P. 26.2(a); Olivo, 918 S.W.2d at 522. Rule 26.3 allows for
an exception: A court of appeals may grant an extension of time to file notice of appeal if
the notice is filed within fifteen days after the last day allowed and, within the same period,
a motion is filed in the court of appeals reasonably explaining the need for the extension of
time. See Tex. R. App. P. 26.3; Olivo, 918 S.W.2d at 522. Under Rule 26.3, a late notice of
appeal may be considered timely so as to invoke a court of appeals' jurisdiction if (1) it is
filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time
is filed in the court of appeals within fifteen days of the last day allowed for filing the notice
of appeal, and (3) the court of appeals grants the motion for extension of time. Olivo, 918
S.W.2d at 522.


 The last date allowed for timely filing of the notice of appeal was November 20, 2002,
Even utilizing the fifteen day rule, the notice of appeal was due on December 5, 2002. As
Appellant did not file his notice of appeal until December 23, 2002 and no timely extension
of time to file the notice of appeal was filed, he failed to perfect this appeal. Accordingly,
we dismiss the appeal for want of jurisdiction.

September 23, 2003


 _______________________________________

 RICHARD BARAJAS, Chief Justice



Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.


(Do Not Publish)